IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-cr-00095-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. LANDON PERRY GRIER,

    Defendant.

---

### GOVERNMENT'S SENTENCING STATEMENT AS TO DEFENDANT LANDON PERRY GRIER

---

    The United States of America, by and through the undersigned Assistant United States Attorney, hereby submits the following position with respect to defendant Landon Perry Grier's sentencing.

<u>Facts and Procedural History</u>

    As described in the Presentence Investigation Report ("PSR") and the plea agreement, the defendant was aboard Alaska Airlines Flight 1474 from Seattle-Tacoma International Airport (SEA) to Denver, Colorado (DEN) on March 9, 2021. While aboard that flight, the defendant was not wearing a face mask as required, and a female flight attendant asked the defendant eight to ten times to put on a face covering.

    The defendant ignored her, then began to push and swat her hand away as she tried to gently tap his shoulder to get his attention, making contact with her right forearm approximately three times. The defendant subsequently struck her arm two to three times in an attempt to aggressively dismiss her and while continuing to refuse to put on

a face covering. The defendant's strikes resulted in actual physical contact with the flight attendant but did not cause any injury.

Later in the flight, as the pilots were preparing to land in Denver in emergency landing conditions due to a mechanical issue, the flight attendants were again alerted to the defendant's conduct by other passengers. The defendant had stood up in the row where he was seated and began urinating on the seat and surrounding areas, including onto another passenger's personal property.

A flight attendant observed the defendant urinating in his seat, instructed him to sit down, observed the defendant sit in his seat with his penis out of his pants, and instructed him to put his penis back into his pants. The defendant responded in substance, "I have to pee."

In response to the defendant's conduct, the captain was notified, other passengers had to be reseated, and the flight attendants were unable to complete their assigned duties in preparation for landing. Upon landing in Denver, Colorado, the defendant was arrested.

For his conduct, Grier was charged with one count of Interference with Flight Crew Members and Attendants under 49 U.S.C. § 46504.  On July 16, 2021, the defendant pled guilty to Count One of the Superseding Information charging him with Simple Assault, under 18 U.S.C. § 113(a)(4) & 49 U.S.C. § 46506(1), pursuant to a plea agreement.

## Guidelines Calculation

As stated in the plea agreement and agreed upon by probation, the base offense level is 7 under U.S.S.G. § 2A2.3. Based on the defendant's acceptance of

responsibility, the resulting offense level is 5, and the defendant's criminal history category is II. The resulting guideline range is 0 to 6 months. The guidelines also provide for a fine in the range of $500 to $9,500, a supervised release term of one year, and probation up to three years.

<h2 style="text-align:center">Application of the 18 U.S.C. § 3553(a) Factors</h2>

For the reasons discussed herein and in accordance with the plea agreement, the Government recommends that the Court sentence the defendant to 3 years probation, 68 hours of alcohol therapy, a $5,000 fine, and 50 hours of community service.

A. *Nature and Circumstances of the Offense*

Landon Perry Grier refused to comply with the requirement that he wear a facemask while on a flight. After being asked repeatedly to comply, he swatted at a flight attendant and struck her arm several times. He later urinated on his seat and the property of other passengers, causing a disturbance while the flight crew was attending to landing in emergency conditions. His behavior luckily did not cause injury or harm, but the decisions he made were potentially more harmful and significantly distracted the flight crew from their duties in ensuring the safety of all passengers. The defendant's conduct merits a proportionate response with a sentence of probation with the proposed conditions.

B. *History and Characteristics of the Defendant*

The defendant's criminal history seems to be, at least in part, driven by his history of drug and alcohol abuse as he has been convicted of Driving While Ability Impaired and of a Burglary for which his probationary sentence included substance

abuse treatment. While the defendant has previously successfully completed treatment and has overcome some of his addition, this criminal charge again arises from a situation in which the defendant was impaired by alcohol.

A probationary sentence to include alcohol treatment and community service would be sufficient, but not greater than necessary, to address some of the underlying cause of his behavior and to act as deterrence by highlighting the effect of his actions on others.

### C. The Need for the Sentence to Achieve the Aims of 18 U.S.C. § 3553(a)(2)

The proposed sentence is a proportionate response to the defendant's conduct, promotes respect for the law, and reflects the seriousness of his actions and their potential consequences. These conditions of probation promote deterrence while ensuring this defendant receives correctional treatment to protect the public from further crimes.

### D. The Amount of the Fine

The Government is bound by the plea agreement and requests the agreed-upon sentence. In negotiating that plea agreement, the Government and defendant agreed to a fine in the amount of $5,000. In the Presentence Investigation Report, Probation Officer Burney recommends a $1,000 fine based on information regarding the defendant's ability to pay, of which the Government was not previously aware. We will defer to the Court regarding the appropriate fine amount for the defendant.

Conclusion

The Government respectfully requests that the Court sentence the defendant to a sentence of 3 years probation, 68 hours of alcohol therapy, a $5,000 fine, and 50 hours of community service.

Respectfully submitted this 1st day of October, 2021.

        MATTHEW T. KIRSCH
        Acting United States Attorney

By:   *s/ Melissa Hindman*
       Melissa Hindman
       Assistant United States Attorney
       U.S. Attorney's Office
       1801 California St., Suite 1600
       Denver, CO 80202
       Telephone: (303) 454-0100
       e-mail: Melissa.Hindman@usdoj.gov
       Attorney for the Government